UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JEFFREY RAMSEY,                                                                                              PETITIONER

V.                                                             CIVIL ACTION NO. 1:20–CV–10–TBM–RPM

RON KING,                                                                                                   RESPONDENT

**REPORT AND RECOMMENDATION**

### I.  INTRODUCTION

On January 9, 2020, petitioner Jeffrey Ramsey ("Ramsey" or "petitioner"), proceeding *pro se*, filed a writ for habeas corpus seeking immediate release after revocation of his parole pursuant to 28 U.S.C. § 2241. Doc. [1]. On January 28, 2020, U.S. Magistrate Judge Robert H. Walker issued an Order converting Ramsey's petition into a 28 U.S.C. § 2254 ("Section 2254") petition, with notice sent by regular mail to him. Doc. [5]. Judge Walker ordered the petitioner to make several corrections to his petition. *Ibid.* In his amended habeas petition, filed on May 8, 2020, Ramsey alleged that his constitutional rights were violated insofar as he was denied a preliminary parole revocation hearing. Doc. [9], at 6. On May 12, 2020, the Court ordered respondent Ron King ("respondent") to file an Answer or "other responsive pleading." Doc. [10]. On June 3, 2020, the respondent filed the present, timely motion to dismiss Ramsey's *habeas* petition. *See* Doc. [12]. The respondent supplemented his motion with an update on the respondent's parole status on June 14, 2020. Doc. [14]. The petitioner has not filed opposition to the motion.

### II.  FACTS

On April 8, 2019, the petitioner pled guilty to three counts of "fourth offense or later" felonious driving under the influence ("Underlying Convictions"), Miss. Code. Ann. § 63–11–30(2)(d). Doc.

1

[12], Ex. C.[1] On July 23, 2019, the petitioner was released on parole in connection with the Underlying Convictions. Doc. [12], Ex. D. As part of his conditional parole, the petitioner was ordered not to violate "any city, county, State, or federal laws." *See id.*, Ex. D. Thereafter, on October 5, 2019, the petitioner was arrested by the D'Iberville Police Department for felony DUI test refusal, careless driving, driving without a valid license, and driving without proof of insurance (collectively, "October 2019 arrest"). *Id.*, Ex. E. On that same date, the Mississippi Department of Corrections issued an arrest warrant for the petitioner, pursuant to Miss. Code. Ann. § 47–7–27, on the grounds that there was reasonable cause to believe that he violated the terms of his parole. *Id.*, Ex. E. On October 8, 2019, the petitioner was informed of his rights during the parole revocation process. *Id.*, Ex. F. During a pre-revocation interview on October 9, 2019, the petitioner waived his right to a preliminary parole revocation hearing. *Id.*, Ex. G.

On October 31, 2019, the parole board held the petitioner's parole revocation hearing, which the petitioner attended. Doc. [12], Ex. I. The parole board found that the petitioner "more likely than not" violated the terms of his July 23, 2019 parole on the Underlying Convictions insofar as he violated "any city, county, State, or federal laws[.]" *Id.*, Ex. I. The parole board concluded that the petitioner would have his parole revoked for a period of six (6) months. *Id.*, Ex. I. No further restraints or disabilities were placed on the petitioner in connection with his parole revocation. *Id.*, Ex. I.

On April 17, 2020, the parole board granted the petitioner parole once again. Doc. [12], Ex. A. On June 10, 2020, Ramsey was released on parole into the custody of the Harrison County Sheriff's Department, which had obtained a detainer in connection with charges arising from the petitioner's

---

[1] The petitioner was sentenced to ten years imprisonment on each Count, running consecutively, with 6 1/2 years incarcerated and the remaining 23 1/2 years to be served as a suspended sentence, with post-release supervision, in compliance with Miss. Code. Ann. § 47–7–34. Doc. [12], Ex. C. He was also sentenced to pay various fees and fines. *Id.*, Ex. C.

October 2019 arrest. Doc. [14], Ex. A. Presently, the petitioner is being held in custody on the charges arising from his October 2019 arrest. *Id.*, Ex. B.

### III. ARGUMENTS

The respondent makes two arguments in favor of dismissing Ramsey's habeas petition. First, the respondent argues that Ramsey's habeas petition was mooted upon his re-release on parole on June 10, 2020. Doc. [12], at 11–13. Second, in the alternative, the respondent argues that Ramsey's habeas petition should be dismissed because he did not exhaust his state court remedies before filing the instant petition. *Id.*, at 14–17. For either reason, the respondent concludes, Ramsey's habeas petition must be dismissed. *Id.*, at 18.

### IV. STANDARD OF REVIEW

Under Section 2254, a federal court may issue a writ of habeas corpus when a person is held in violation of the federal Constitution or laws, permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S.Ct. 582, 59 L.Ed. 969 (1915). Before considering the merits of a petition under Section 2254, the Court must determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. When considering the merits, the focus in a federal *habeas corpus* proceeding is not whether there was an error in applying state law but instead whether there has been a denial of rights protected by the United States Constitution. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).[2]

---

[2] Here, the respondent specifies that he is "moving to dismiss" the habeas corpus petition under Rule 4 of the Rules Governing § 2254 Cases, Doc. [12], at 1, which is appropriate here, *see, e.g.*, *Miramontes v. Driver*, 243 F. App'x 855, 856 (5th Cir. 2007) (citing *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257, 269 n.14, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978)) (finding Rule 12(b)(6) of the Federal Rules of Civil Procedure to be inapplicable to Section 2254 habeas proceedings); *see also Ndudzi v. Castro*, No. SA–20–CV–0492–JKP, 2020 WL 3317107, at *3 n.4 (W.D. Tex. June 18, 2020) (collecting cases).

### V. ANALYSIS

#### A. LAW

Article III of the U.S. Constitution limits federal "Judicial Power," i.e. federal-court jurisdiction, to "Cases" and "Controversies." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). "One element of the case-or-controversy requirement is that . . . [a petitioner] must establish that . . . [he or she] ha[s] standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997). "[Standing is] an essential and unchanging part of the case-or-controversy requirement of Article III[,]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citing *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)), because it is a "means of 'defin[ing] the role assigned to the judiciary in a tripartite allocation of power,' and 'a part of the basic charter . . . provid[ing] for the interaction between [the federal] government and the governments of the several States[,]" *Spencer v. Kemna*, 523 U.S. 1, 11–12, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (citations omitted). If a petitioner is found to lack standing—which must exist throughout the case, he has failed to show a cognizable case or controversy under Article III, § 2, of the U.S. Constitution. *Lujan*, 504 U.S. at 560–61 (citations omitted). A case becomes moot if it ceases to present a case or controversy. *Spencer*, 523 U.S. at 12.

Standing has three elements: (i) an injury-in-fact; (ii) a "causal connection between the injury and the conduct complained of[;]" and (iii) a likelihood "as opposed to mere[] 'speculati[on],' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 560–61 (citations omitted). An "injury-in-fact" is "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not 'conjectural' or 'hypothetical[.]'" *Id.* at 560 (citations omitted). In the Section 2254 parole revocation context, there are two types of legally

4

recognized injuries: (i) ongoing incarceration, and (ii) "collateral consequences." *Spencer*, 523 U.S. at 7. Legally cognizable "collateral consequences" are "concrete and continuing injur[ies]," *ibid.*, that include, for example, losing the right to vote, lead a labor union, or engage in certain types of business, *see*, *e.g.*, *Carafas v. LaVallee*, 391 U.S. 234, 237, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). "Collateral consequences" are not presumed to exist in parole revocation habeas proceedings, unlike post-conviction habeas proceedings. *Id.* at 13–14. Speculative consequences of a parole revocation are insufficient to rise to the level of "collateral consequences." *Spencer*, 523 U.S. at 14–18.[3]

Ultimately, if the petitioner is no longer incarcerated and cannot point to any collateral consequences, the petitioner lacks a legal injury, and, by extent, standing. *See*, *e.g.*, *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). At that point, there ceases to be a case or controversy and the parole revocation habeas corpus petition must be, with exceptions irrelevant here, dismissed as moot. *Spencer*, 523 U.S. at 14–16.

### B. APPLICATION

Here, the petitioner had his parole revoked on October 31, 2019. Doc. [12], Ex. I. In revoking his parole, the parole board reincarcerated him for six months. *Id.*, Ex. I. The parole board did not indicate that it placed any other restraints or disabilities for the petitioner. *Id.*, Ex. I. The petitioner himself has failed to point to any "concrete and continuing injury" that would constitute a "collateral consequence" arising from his parole revocation. *Spencer*, 523 U.S. at 13–14. Furthermore, on June 10, 2020, the petitioner was re-released on parole in connection with the

---

[3] The Supreme Court has noted several speculative consequences that are collectively insufficient to be "collateral consequences," including: (i) the possibility that a future parole board will rely on a previous parole revocation to justify denying parole in that future proceeding; (ii) the possibility that a subsequent conviction will result in an enhanced prison sentence because of the previous parole revocation; (iii) possible use of parole revocation hearing testimony as impeachment evidence in a possible later proceeding; and (iv) the possible effects on filing a future 42 U.S.C. § 1983 ("Section 1983") claim. *Ibid.*

Underlying Convictions.[4] Doc. [14], Ex. A. Since there are "collateral consequences" and the petitioner is no longer incarcerated in connection with his October 31, 2019 parole revocation, there is no longer an injury and, thus, no longer an active case or controversy in this proceeding.[5] The petitioner's habeas petition should be found moot.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that petitioner Jeffrey Ramsey's *habeas corpus* petition be dismissed as moot and with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which

---

[4] For purposes of the present analysis, it is irrelevant that the petitioner continues to be incarcerated in connection with different charges arising from his October 2019 arrest. Doc. [14], Ex. B. Presently, the Court's sole focus is the injuries arising from the petitioner's October 31, 2019 parole revocation. Doc. [12], Ex. A.
[5] The Court does not reach the respondent's second argument.

there is no written objection.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 8th day of January 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE